**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ZAMPERLA, INC.; and ANTONIO
ZAMPERLA, SPA,

        Plaintiffs,

v.                                        Case No. 6:13-cv-1807-Orl-37KRS

I.E. PARK SRL,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Motion to Strike Patent Infringement Claims and for Sanctions for Failure to Comply with Scheduling Order (Doc. 34), filed August 26, 2014;

2. Zamperla Plaintiffs' Response in Opposition to Motion to Strike Patent Infringement Claims and for Sanctions (Doc. 37), filed September 11, 2014;

3. Motion for Extension of Time to Comply with Deadlines in Case Management and Scheduling Order in Patent Case (Doc. 53), filed November 13, 2014; and

4. Defendant I.E. Park's Claim Construction Statement (Doc. 56), filed November 17, 2014.

Nearly a year into this litigation, the record thus far suggests that both parties have engaged in dilatory tactics—and potentially gamesmanship—inconsistent with the Court's efforts to reach a "just, speedy, and inexpensive determination of the action." (*See* Doc. 28, p. 1; *see also* Docs. 34, 37–38, 40–46, 52, 56.) Currently at issue are: (1) Defendant's motion for sanctions, in which it seeks dismissal of Plaintiffs'

patent-infringement claims and an award of attorney's fees as a sanction for Plaintiffs' failure to timely disclose its infringement contentions (*see* Doc. 34, p. 8); (2) Plaintiffs' response, in which they contend that Defendant's motion for sanctions is frivolous and is itself grounds for sanctions (*see* Doc. 37, p. 14); and (3) Plaintiffs' opposed motion for the extension of virtually every patent-specific deadline in the Court's Case Management and Scheduling Order ("CMSO") (*see* Docs. 53, 56).

First, the Court finds that Defendant's motion for sanctions (Doc. 34) is due to be denied, as is the request for sanctions in Plaintiffs' response (Doc. 37). Federal Rules of Civil Procedure 11, 16(f), and 37(b) all leave the imposition of sanctions to the Court's discretion, *see Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636 (11th Cir. 2010); *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003); *Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1140 (11th Cir. 1998), and the Court declines to impose sanctions at this time. That said, both parties' diligence and professionalism have fallen far short of the Court's expectations, and the Court will reconsider imposing sanctions *sua sponte* against one or both parties if it encounters future indications of, *inter alia*, a "pattern of delay or deliberate refusal to comply with court orders or directions." *Samaniego*, 345 F.3d at 1284.

As to Plaintiffs' motion for extension, the Court finds that it is due to be granted in part and denied in part. Plaintiffs' requested extensions imply, and Defendant's unilateral claim construction statement confirms, that Plaintiffs have fallen months behind the Court's patent-specific deadlines and, irrespective of the recent discovery disputes (*see* Docs. 49–51), they have not shown good cause for their noncompliance with the CMSO. (*See* Doc. 28, pp. 2–6; Doc. 53, p 3; Doc. 56, pp. 1–3.) As Defendant correctly

points out, presuit compliance with Rule 11 would require Plaintiff to have identified grounds for at least a good faith belief that the accused product infringed certain claims of the patents in dispute. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004) ("In the context of patent infringement actions, [the U.S. Court of Appeals for the Federal Circuit has] interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."). Those infringement contentions could, and certainly should have been, timely disclosed. For nearly six months, Plaintiffs have known that the deadlines in the CMSO "are not advisory but must be complied with absent approval of the Court." (Doc. 28, p. 10.) Thus, the Court would be well within its authority to impose *sua sponte* sanctions—including dismissal of the patent claims—for Plaintiffs' consistent failure to meet Court-imposed deadlines.

Potentially lost in this mutual mud wrestle are the interests of the litigants. In an effort to avoid unduly prejudicing Plaintiffs for noncompliance that may have been partially attributable to their counsel, or to other events beyond their control,[1] the Court will permit Plaintiffs one opportunity to bring this case back on track. Accordingly, the Court will extend the deadline to meet and confer and file a joint claims construction statement to Tuesday, November 25, 2014. Additionally, by that date, the parties must: (1) comply with all patent-specific requirements for which deadlines have already passed; and (2) submit a joint statement confirming their compliance or delineating their compliance efforts.[2] All

---

[1] This is not to be construed as a finding of fact.
[2] That is, the parties must comply with all requirements in the CMSO regarding infringement contentions, invalidity or non-infringement contentions, initial identification of disputed claim terms, proposed claim term constructions, and disclosure of intent to rely on advice of counsel as a defense. (*See* Doc. 28, pp. 2–6)

other deadlines in the CMSO will remain as is. Absent extraordinary circumstances, failure to timely submit the joint claims construction statement and the statement of compliance will result in dismissal of all remaining patent claims in this action.

The Court recognizes that the timely submission of those statements will require both parties to cooperate, and the potential dismissal of the Plaintiffs' patent claims provides an incentive for Defendant to drag its feet in the hopes that Plaintiffs miss the November 25 deadline. To be clear, the Court demands Defendant's reasonable cooperation and will impose sanctions (including potentially striking defenses) should Defendant hinder efforts to reach an expeditious resolution of this case on the merits.

Finally, in light of the consistent delays and, in the Court's view, needless disputes that have been emblematic of this litigation thus far, the Court invokes its inherent authority to reduce the number of claim terms that it will construe during claims-construction to five terms. *See Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902–03 (Fed. Cir. 2011); *In re Katz Interactive Call Processing Litig.*, 639 F.3d 1303, 1309–12 (Fed. Cir. 2011). The parties' failure to move this case forward consistent with the Court imposed schedule seriously impacts the time to consider and resolve disputes related to the construction of terms in the relatively straightforward patents at issue. The parties' joint claim construction statement should therefore address no more than five disputed terms. Additionally, the Court is not persuaded that it would benefit from the technology tutorial conference currently scheduled December 15, 2014, and thus the technology tutorial conference will be canceled.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Strike Patent Infringement Claims and for Sanctions for Failure to

       Comply with Scheduling Order (Doc. 34) is **DENIED**.

2. The request for sanctions raised in Zamperla Plaintiffs' Response in Opposition to Motion to Strike Patent Infringement Claims and for Sanctions (Doc. 37, p. 14) is **DENIED**.

3. Motion for Extension of Time to Comply with Deadlines in Case Management and Scheduling Order in Patent Case (Doc. 53) is **GRANTED IN PART AND DENIED IN PART**.

    a. The motion is **GRANTED** with respect to the deadline for submitting a joint claim construction statement (*see* Doc. 28, pp. 5–6), which is extended to November 25, 2014.

    b. Additionally, the parties are **DIRECTED** to: (1) comply with Court's requirements regarding infringement contentions, invalidity or non-infringement contentions, initial identification of disputed claim terms, proposed claim term constructions, and disclosure of intent to rely on advice of counsel as a defense (*see id.* at 2–6); and (2) file a joint statement on or before November 25, 2014.

    c. In all other respects, the motion (Doc. 53) is **DENIED**.

4. The Case Management and Scheduling Order (Doc. 28) is **AMENDED** to the extent that it permits submission of ten disputed patent claim terms for construction; the Court will construe no more than **five (5)** disputed claim terms.

5. The technology tutorial conference currently scheduled for December 15, 2014 (*see id.* at 6) is **CANCELED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 18, 2014.

                                                                          _____
                                                                          ROY B. DALTON JR.
                                                                          United States District Judge

Copies:

Counsel of Record